United States District Court
Southern District of Texas

**ENTERED**

April 30, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA RUTHERFORD, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-1297 |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION | § | |
| AND SELECT PORTFOLIO SERVICES, | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment by Defendant U.S. Bank National Association, as trustee on behalf of the holders of the Asset Backed Pass-Through Certificates, Series NC 2005-HE4 (the "Trust") and Defendant Select Portfolio Servicing, Inc. ("SPS").[1]   ECF 26.   For the reasons discussed below, the Court RECOMMENDS that Defendants' Motion be GRANTED.

### I.     Factual and Procedural Background.

The record establishes the following undisputed facts.[2]   On January 22, 2005, Plaintiff executed a note with a principal balance of $545,300 secured by a Deed of

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 14.

[2] Plaintiff failed to respond to Defendants' Motion for Summary Judgment, so the Court "may find as undisputed the statement of facts in the motion for summary judgment." *Morgan v. Fed. Exp. Corp.*, 114 F. Supp. 3d 434, 440 (S.D. Tex. 2015) (collecting cases).  Although Plaintiff did not respond to the Motion, the Court considered the documents attached to the Amended Complaint (ECF 18) in determining there was no genuine dispute of material fact.  FED. R. CIV. P. 56(c)(3)

Trust in favor of New Century Mortgage Corporation granting a lien on the property at 1302 Thompson Oil Field Rd., Thompsons, Texas.  ECF 18 ¶ 12; ECF 26-2 at 27-58.  On September 18, 2018, New Century Mortgage Corporation assigned its rights under the Deed of Trust to the Trust, with U.S. Bank as trustee.  ECF 26-2 at 60.  The Trust is the current mortgagee and SPS services the loan.  ECF 26-2 at 17, 60; ECF 26-1.

Plaintiff defaulted on the loan in 2020.  ECF 18 ¶¶ 18-21; ECF 26 ¶ 3.  SPS, on behalf of the Trust, noticed the property for non-judicial foreclosure on February 13, 2024, with the sale to be conducted on April 2, 2024.  ECF 26 ¶ 6; ECF 18-2.  On April 1, 2024, Plaintiff's counsel contacted SPS' counsel to request a reinstatement quote.[3]  ECF 18-4.  On April 2, 2024, the 268th Judicial District Court of Fort Bend County, Texas granted Plaintiff a restraining order that precluded Defendants from foreclosing on the property.  ECF 26 ¶ 6; ECF 1-2; ECF 1-3.  The loan was later modified on July 30, 2025.  ECF 16-1 ¶ 8.  Plaintiff has been deemed to have admitted she failed to comply with the Deed of Trust's reinstatement after

---

(explaining courts need only consider cited materials, but they may consider other materials in the record); *Jackson v. Oil-Dri Corp. of Am.*, No. 3:16-CV-189-DMB-RP, 2018 WL 1996474, at *4 n.8 (N.D. Miss. Apr. 27, 2018) (considering documents attached to a complaint and referenced in the summary judgment papers as part of the summary judgment record), *aff'd on other grounds sub nom. Jackson v. Blue Mountain Prod. Co.*, 761 F. App'x 356 (5th Cir. 2019).

[3] Defendants "do not concede" that Plaintiff requested a reinstatement quote but directly reference Plaintiff's assertion from the Amended Complaint, which attaches a copy of the letter, and provide no evidence rebutting this fact.  ECF 26 ¶ 3; ECF 18-4.

acceleration obligations.[4] ECF 26 ¶ 6; ECF 26-2 at 15 (Request ¶ 30), 42 (attaching the Deed of Trust).

The present action is the second case Plaintiff has brought to prevent the Trust from foreclosing on the property. *See Rutherford v. U.S. Bank NA*, No. 4:21-cv-02961 (S.D. Tex. Jan. 14, 2022) (Eskridge, J.) (dismissing Plaintiff's claims with prejudice). In this suit, Plaintiff seeks to enjoin Defendants from foreclosing on the property and also brings claims for declaratory judgment and breach of contract. ECF 18 ¶¶ 32-40.

Defendants filed their Motion for Summary Judgment on March 6, 2026. ECF 26. Plaintiff failed to respond to the Motion. However, the Court cannot grant a default summary judgment. *See Morgan v. Fed. Exp. Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). The Motion is ripe for adjudication.

## II.    Legal Standards.

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co.*

---

[4] Defendants' counsel provided an affidavit stating Defendant served Plaintiff with Requests for Admission on January 15, 2026, and as of March 6, 2026, Plaintiff had failed to respond or object to them. ECF 26-2 at 2-3, 5-25. Therefore, the Requests for Admission (ECF 26-2 at 5-25) are deemed admitted. FED. R. CIV. P. 36(a)(3); *Romanowski v. Trans Union, LLC*, No. 3:22-CV-0428-E-BH, 2023 WL 5807863, at *3 (N.D. Tex. Aug. 17, 2023), *report and recommendation adopted*, No. 3:22-CV-0428-E-BH, 2023 WL 5807845 (N.D. Tex. Sept. 7, 2023).

*v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

4

### III.    Analysis.

#### A. Plaintiff's breach of contract claim should be dismissed.

Texas law governs this contract claim per the Deed of Trust's choice of law provision.[5]  Under Texas law, the essential elements for a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.— Houston [14th Dist.] 2005, pet. denied)).

Plaintiff alleges Defendants breached the Deed of Trust when they noticed foreclosure because: (1) Plaintiff had demanded her right of reinstatement and (2) SPS did not have a proper interest in the Property. ECF 18 ¶ 37

#### 1.  Plaintiff has failed to demonstrate a breach occurred.

As a preliminary issue, Plaintiff's allegations are insufficient because she failed to identify a specific provision in the contract that was breached.  *Williams v.*

---

[5] Federal courts exercising diversity jurisdiction apply the choice of law rules of the forum state. *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 722 (5th Cir. 2010).  "Texas choice of law principles give effect to choice of law clauses if the law chosen by the parties has a reasonable relationship with the parties and the chosen state, and the law of the chosen state is not contrary to a fundamental policy of the state."  *Caton v. Leach Corp.*, 896 F.2d 939, 942 (5th Cir. 1990).  *See also DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677–78 (Tex. 1990)).  The Deed of Trust provides that the law of the jurisdiction where the property is located (i.e., Texas) shall govern. ECF 26-2 at 42.  The Court gives effect to this provision because there is a reasonable relationship to Texas as the location of the property and no public policy concerns exist.

*Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014).  *See also Johnson v. Bloom Ret. Holdings Inc.*, No. 4:23-CV-2086, 2024 WL 4932724, at \*5 (S.D. Tex. Nov. 26, 2024) (applying the *Williams* specificity requirement).  Even construing the allegations to assert breaches under section 19 of the Deed of Trust (Borrower's Right to Reinstatement After Acceleration), Plaintiff still cannot make out a breach, as explained below.

### a. Defendants complied with their reinstatement obligations under the Deed of Trust.

The Deed of Trust entitles Plaintiff to reinstatement after acceleration only if she does the following:

> (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred: (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged.

ECF 26-2 at 42.  Under the Deed of Trust's reinstatement provision,[6] Defendant was only required to cease enforcement of foreclosure if Plaintiff complied with the

---

[6] The Deed of Trust provides in full:

above conditions more than five days before the sale. *Id*. Although Plaintiff requested a reinstatement quote, she has been deemed to have admitted that she failed to complete any of the Deed of Trust's reinstatement requirements. ECF 18-4 at 1; ECF 26-2 at 15 (Request ¶ 30). Furthermore, nothing in the Deed of Trust required Defendants to provide Plaintiff a reinstatement quote. *See Bejjani v. Wilmington Tr. Co.*, No. CIV.A. H-10-2727, 2011 WL 3667569, at *3 (S.D. Tex. Aug. 22, 2011) (finding no breach of contract because defendants had no obligation, contractual or otherwise, to provide reinstatement quote); *Wicker v. Seterus, Inc.*,

---

If Borrower meets certain conditions, Borrower shall have the right to enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred: (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18 [Transfer of the Property or a Beneficial Interest in Borrower].

ECF 26-2 at 42.

No. EP-17-CV-99-DB, 2018 WL 4856771, at *14 (W.D. Tex. Oct. 4, 2018) (similarly finding no breach due to lack of contractual requirement to calculate reinstatement amount), *aff'd,* 764 F. App'x 423 (5th Cir. 2019).  Assuming *arguendo* that the letter from Plaintiff's counsel properly invoked reinstatement, the request was untimely because Plaintiff sent it within five days of the scheduled sale.  ECF 18-4; ECF 26-2 at 42.

### b.  The Trust may foreclose through servicer SPS.

Plaintiff additionally alleges that Defendants breached the Deed of Trust by noticing foreclosure when SPS "did not have a proper interest in the home since MERS [Merscorp, Inc.] did not have sufficient interest in the underlying contract to convey the Lenders rights."  ECF 18 ¶ 37.  Essentially, Plaintiff claims SPS lacks a proper interest in the Deed of Trust and thus is unable to enforce it.

This argument fails.  First, MERS was not a party to the original Deed of Trust or the assignment to the Trust, with U.S. Bank as trustee, and Plaintiff has been deemed to have admitted as much.  ECF 26-2 at 24-25 (Requests ¶¶ 67-68).  The Trust is the assignee of the original lender's interest in the Deed of Trust, which makes it the mortgagee.  TEX. PROP. CODE § 51.0001(4)(C).  As the mortgagee, the Trust is entitled under Texas law to enforce the Deed of Trust by non-judicial foreclosure, either directly or through servicer SPS.  TEX. PROP. CODE §§ 51.002, 51.0025 (permitting a mortgagee to foreclose through a servicer).

### 2. Plaintiff has presented no evidence that she suffered damages.

Plaintiff's breach of contract claim also fails because the record lacks any evidence she was damaged. By failing to respond to Requests for Admission, Plaintiff has been deemed to have admitted she has not been damaged by Defendants. ECF 26-2 at 9 (Requests ¶¶ 1-2). Additionally, the "legal expenses" Plaintiff claims (ECF 18 ¶ 38) are not cognizable breach of contract damages in this context. *See Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1037–38 (5th Cir. 2014) (explaining that under Texas law fees incurred in the prosecution or defense of a claim are not damages) (citing *In re Nalle Plastics Fam. Ltd. P'ship*, 406 S.W.3d 168, 172 (Tex. 2013))

### B. Plaintiff's declaratory judgment claim should be dismissed.

Plaintiff seeks relief under the Texas Declaratory Judgment Act. ECF 18 ¶¶ 35-36; TEX. CIV. PRAC. & REM. CODE §§ 37.001-37.0055. However, Defendants properly removed this case to federal court (*see* ECF 1), so the Court analyzes the claim under the federal Declaratory Judgment Act. *Collins v. Nat'l Football League*, 566 F. Supp. 3d 586, 602 (E.D. Tex. 2021).

The federal Declaratory Judgment Act does not create an independent cause of action. *Harris County Texas v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015). "Rather, the viability of a party's request for declaratory relief is dependent on that party's ability to assert a viable substantive cause of action." *Mid-Am. Supply*

9

*Corp. v. Truist Bank*, 660 F. Supp. 3d 594, 601–02 (E.D. Tex. 2023) (citing *Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990)). If a plaintiff's underlying cause of action fails as a matter of law, its claim for declaratory relief fails as well.

Plaintiff's substantive cause of action is one for breach of contract. As discussed above, that claim fails as a matter of law. Without a substantive cause of action underlying her request for declaratory judgment, Plaintiff cannot, as a matter of law, maintain her request for declaratory relief. *See Payne v. Wells Fargo Bank Nat. Ass'n*, 637 F. App'x 833, 838 (5th Cir. 2016) (affirming grant of summary judgment on plaintiff's claim for declaratory judgment because the district court properly granted summary judgment on underlying causes of action).

### C. Plaintiff is not entitled to injunctive relief.

Plaintiff also seeks a temporary restraining order and temporary injunction. ECF 18 ¶¶ 32-34. Like declaratory relief, injunctive relief is a procedural device that must be supported by an independent, private cause of action. *Emeka v. Wells Fargo Bank N.A.*, No. CV H-24-2321, 2025 WL 2462975, at *8 (S.D. Tex. Aug. 26, 2025) (collecting cases). Because the Court concludes that Defendants are entitled to summary judgment on Plaintiff's claim for breach of the Deed of Trust, Defendants are also entitled to summary judgment on Plaintiff's claim for injunctive relief. *Id.* (granting summary judgment on injunctive relief because defendants were

entitled to summary judgment on substantive claims); *Bernal v. The Bank of New York Mellon*, No. 4:14-CV-03436, 2015 WL 8207498, at *5 (S.D. Tex. Dec. 7, 2015) (same).

## IV.    Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendants' Motion for Summary Judgment (ECF 26) be GRANTED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 30, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

11